DAUKSCH, Judge.
This is an appeal from an order modifying an alleged child custody judgment. No such judgment ever existed so the court erred in purporting to change custody of a child from one parent to another.
When the marriage between these litigants was dissolved there was no personal service upon appellant but the petition for *1161 dissolution, filed by appellee, alleged appellant was “a fit and proper person for the child’s primary physical residence.” He prayed for “liberal visitation rights.” The judgment, obviously prepared by appellee’s attorney, fails to mention child custody or primary residence.
Notwithstanding the absence of a custodial or residential determination in the judgment, appellee petitioned the court to “modify final judgment” to effect a custodial award or “primary physical residency” award to appellee. Upon this petition the court had a hearing and took evidence and entered an “order modifying final judgment” as to custody of “minor child.” This was error because no judgment establishing custody had been entered and especially because the judge disallowed some proof which should have been admitted if appellee had filed a proper petition and if the trial judge had properly considered the status of the case before him. The judge prevented appellant from providing any evidence regarding the issue which concerned events occurring before the dissolution. Had this been a true modification hearing he may have had the discretion to so rule. But because there was no initial custody determination the judge should have allowed evidence of conduct occurring both before and after dissolution.
It is indeed unfortunate when a trial judge is led into error by such sloppy law-yering as occurred here and that ineptness is compounded by the fact that even though appellee’s lawyer was told at oral argument in this court that we would favorably entertain a motion to dismiss this appeal because appellant was in contempt for failing to obey the order on appeal the lawyer has failed to file such motion.
The order modifying the judgment is reversed.
REVERSED.
COBB, J., and LOCKETT, J.T., Associate Judge, concur.